COURT OF APPEALS
DECISION
DATED AND FILED

April 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2260**

Cir. Ct. No. 2018CV16

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

SAMUEL ISON,

   PLAINTIFF-APPELLANT,

 V.

DEPARTMENT OF HEALTH SERVICES AND DIVISION OF
MEDICAID SERVICES,

   DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Forest County: JAMES R. HABECK, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Samuel Ison appeals an order denying his WIS. STAT. ch. 227 (2017-18)[1] appeal from the administrative denial of a Medicaid claim. Ison challenges his health maintenance organization's (HMO) use of InterQual criteria to deny his requested prior authorization for back surgery and a decision by the Department of Health Services to uphold the denial of the prior authorization request as medically unnecessary. We conclude Ison forfeited the first issue regarding the use of InterQual criteria and there is substantial evidence in the record to support the Department's decision. We therefore affirm.

**BACKGROUND**

¶2 Doctor Andrew Beaumont, a neurosurgeon who was seeing Ison for ongoing back pain related to multiple lumbar disc problems, recommended Ison undergo a laminectomy with fusion. Ison sought Medicaid coverage for the cost of the recommended surgery. As part of the process, Ison's primary care physician submitted a prior authorization request on Ison's behalf to Ison's HMO, Network Health Plan. Ison also obtained a second opinion from another doctor recommending the surgery.

¶3 The HMO obtained opinions from two neurological surgeons through a referral to Centene Corporation regarding whether the proposed procedure was medically necessary. The Centene doctors concluded Ison did not meet the criteria for a laminectomy with fusion set forth in a set of proprietary, commercially available InterQual guidelines used by health care providers to determine the appropriate care for given medical situations. After reviewing the

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

surgeons' reports and Ison's case file, the HMO's medical director concluded the proposed surgery was medically unnecessary and denied the request for prior authorization.

¶4 Ison sought administrative relief through the HMO's grievance procedure and by an appeal to the Department of Health Services, Division of Medical Services. When those efforts were unsuccessful, he filed the present lawsuit seeking judicial review pursuant to Chapter 227 of the Wisconsin Statutes. The circuit court upheld the Department's decision approving the denial of prior authorization, and Ison appeals.

## DISCUSSION

¶5 Ison raises two issues on appeal. First, he contends the HMO and the Department's reliance on InterQual criteria constituted a material restriction of the general definition of medical necessity as set forth in WIS. ADMIN. CODE § DHS 101.03(96m) (May 2019), such that 42 U.S.C. § 300gg-15(d)(4) (2018) required the HMO to predisclose the InterQual criteria as an amendment to its contract to provide Medical Assistance benefits. Second, Ison argues the evidence in the record does not support the Department's determination that the proposed back surgery was not medically necessary as defined by § DHS 101.03(96m).

¶6 As a threshold matter, the Department asserts Ison forfeited his challenge to the use of InterQual criteria without predisclosure by not raising the issue in the administrative proceedings until his petition for a rehearing, which was after the Department had already rejected his claim. *See generally*, ***State v. Outagamie County Bd. of Adjustment***, 2001 WI 78, ¶55, 244 Wis. 2d 613, 628 N.W.2d 376 (to preserve an issue for judicial review, a party must timely raise it before the administrative body). Ison acknowledges that he raised his

3

predisclosure argument for the first time in his rehearing petition, but he argues that the issue was preserved because the relevant portion of the HMO contract was placed in the record prior to the hearing. We agree with the Department that a new legal theory does not provide grounds for a rehearing in an administrative proceeding, which can be granted only upon a showing of a material error of law or fact or the discovery of new evidence. *See* WIS. STAT. § 227.49(3).

¶7 Moreover, because Ison did not raise his predisclosure argument prior to the hearing, the Department had no opportunity to present evidence showing that the InterQual criteria did not restrict—but rather were consistent with—the administrative code definition of "medically necessary," which includes generally accepted standards of care such as those InterQual purports to quantify. For instance, the Department could have presented evidence regarding the sources and reliability of the criteria and how medical care providers use them. We therefore conclude Ison has forfeited the predisclosure argument by not raising it in a timely manner, and we will limit our consideration to whether the evidence supports the Department's determination that the proposed back surgery was not medically necessary, taking into account the InterQual criteria.

¶8 Judicial review of administrative proceedings pursuant to WIS. STAT. ch. 227 is akin to common law certiorari review. *See **Williams v. Housing Auth. of the City of Milwaukee***, 2010 WI App 14, ¶10, 323 Wis. 2d 179, 777 N.W.2d 185 (2009). We review the decision of the administrative agency rather than that of the circuit court, applying the same standards of review set forth in WIS. STAT. § 227.57. *See **Morgan Drexen, Inc. v. DFI***, 2015 WI App 27, ¶¶4, 6, 361 Wis. 2d 271, 862 N.W.2d 329.

¶9     We may not substitute our judgment for that of an administrative agency as to the weight or credibility of the evidence on a finding of fact. WIS. STAT. § 227.57(6).  Rather, we must examine the record for any substantial evidence that supports the agency's determination.  *Id.*  The substantial evidence test does not require a preponderance of the evidence, merely that "reasonable minds could arrive at the same conclusion as the agency" based on the record before the agency.  *Kitten v. DWD*, 2002 WI 54, ¶5, 252 Wis. 2d 561, 644 N.W.2d 649.

¶10    Here, the Department determined Ison's proposed back surgery was not medically necessary based upon the medical opinions the HMO obtained through its referral to Centene.  The first Centene doctor opined Ison did not meet the criteria for a laminectomy with fusion because he did not have lumbar radiculopathy (radiating pain), loss of motor or sensory functions, neurogenic claudication (inflammation of nerves), failure of six weeks to six months of conservative treatment within the past year, spinal stenosis with spondylolisthesis (instability of the vertebrae resulting in compression of the spinal cord), infection, fracture, tumor, recurrent herniated discs following surgery, or progressive scoliosis (curvature of the spine); and because surgery was not likely to relieve his pain.  The second Centene doctor opined that a laminectomy with fusion was not medically necessary because Ison had not attempted an adequate trial of conservative treatment, and imaging did not indicate any abnormal motion of the vertebrae.

¶11    In addition to his forfeited challenge to the criteria employed by the Centene doctors, Ison argues the Department erred in placing weight on the Centene doctors' opinions because they had not personally examined Ison and because their names were redacted from their reports.  Conversely, Ison faults the

Department for failing to adequately consider the opinions of his own named doctors that surgery was appropriate. However, this is precisely the sort of comparison of conflicting evidence that is outside our scope of review on an administrative review. The opinions of the Centene doctors rationally explained their conclusions based upon objective criteria. The Department was entitled to rely upon those opinions as substantial evidence.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.